Sara **LARIOS, et al., Plaintiffs,**

v.

Cathy **COX, Defendant.**

No. **CIV.A. 1:03–CV–693–C.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 1, 2004.

---

Frank B. Strickland, Anne Ware Lewis, Strickland, Brockington, Lewis, Stacy Grant Freeman, Arnall, Golden & Gregory, Atlanta, GA, E. M. Braden, Amy M. Henson, Baker & Hostetler, Washington, DC, for plaintiffs.

Dennis Robert Dunn, Thurbert E. Baker, Office of State Attorney General, Mark Howard Cohen, Troutman, Sanders, David F. Walbert, Parks, Chesin & Walbert, Atlanta, GA, for defendant.

Before MARCUS, Circuit Judge, O'KELLEY and PANNELL, District Judges.

PER CURIAM.

BY THE COURT:

In an order dated February 10, 2004, this three-judge court found in favor of the plaintiffs on their claim that the existing reapportionment schemes for the Georgia House of Representatives and Senate violated the one person, one vote principle firmly rooted in the Fourteenth Amendment's Equal Protection Clause. The court therefore enjoined the defendant from further use of those plans in any future elections, and it gave the Georgia General Assembly until March 1, 2004, to submit to the court enacted reapportionment plans that are acceptable to the legislature and conform to the Constitution and this court's opinion. The Georgia General Assembly having been unable to meet this deadline, it now falls to this court to draw *interim* reapportionment plans for use in the upcoming election cycle. *See Wise v. Lipscomb,* 437 U.S. 535, 540, 98 S.Ct. 2493, 2497, 57 L.Ed.2d 411 (1978); *Reynolds v. Sims,* 377 U.S. 533, 585–87, 84 S.Ct. 1362, 1393–94, 12 L.Ed.2d 506 (1964). Preparing such plans in a timely manner, while reconciling the demands of the Constitution, the Voting Rights Act, and the redistricting principles traditionally recognized by the State of Georgia, presents an exceptional condition that requires the appointment of a Special Master to assist the court.

Accordingly, pursuant to Federal Rule of Civil Procedure 53, the court hereby appoints Mr. Joseph Hatchett to serve as Special Master in this action. Mr. Hatchett, former Chief Judge of the United States Court of Appeals for the Eleventh Circuit and a former Justice of the Supreme Court of Florida, currently heads the Federal and State Appellate Practice at the law firm of Akerman Senterfitt.

The Special Master shall be empowered and charged with the duty to prepare and submit to the court a report and recommendation, including proposed redistricting plans for the Georgia House and Senate prepared in accordance with the law and the guidelines that will be mandated by this court. The court requests that the Special Master submit this report and recommendation to the court by March 15,

2004. Any objections to the report and recommendation and the proposed plans shall be filed with the court no later than 12:00 p.m. on March 19, 2004. The court will conduct a hearing to consider any objections at 2:00 p.m. on March 22, 2004, in courtroom 1906 in the Richard B. Russell Federal Building and United States Courthouse, 75 Spring Street, S.W., Atlanta, GA 30303–3361.

In accomplishing his task, the Special Master is authorized to retain appropriate assistants and experts as may be reasonably necessary for him to accomplish his task within the time constraints imposed by this order. The Legislative Reapportionment Office of the State of Georgia is respectfully directed to provide the Special Master immediate and unrestricted access to its computer facilities and programs for use in developing the plans and to cooperate with the Special Master and his staff by providing them access, support, and staffing on a *confidential* basis, together with any additional assistance that will facilitate and expedite the work of the Special Master.

All reasonable costs and expenses of the Special Master, including reasonable compensation to the Special Master, his law firm, and any expert advisors and assistants he may retain, shall, subject to approval by this court, be paid by the State of Georgia.

Finally, the court continues to encourage the enactment of reapportionment maps by the General Assembly of Georgia, which is now in session. We are aware that members have been working on and considering such legislation. Nothing in this order or any previous order of this court is intended to prevent or forestall the General Assembly and the Governor from considering and enacting reapportionment plans after March 1, 2004, resolving the issues in this case. Nor should this court's orders be construed in any way

as to discourage such a resolution of this matter.